UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREY KOSTENKO, | ) CASE NO. C07-0804-TSZ |
| Petitioner, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| ALBERTO R. GONZALES, | ) |
| Respondent. | ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On May 25, 2007, petitioner Andrey Kostenko, proceeding through counsel, filed a "Petition for Writ of Habeas Corpus by a Person Facing Immediate Deportation and Request for Emergency Stay of Deportation," pursuant to 28 U.S.C. § 2241. (Dkt. #1). Petitioner requests that the Court enter a stay of removal, restricting the United States Immigration and Customs Enforcement ("ICE") from removing him from the United States before his Petition for a Governor's Pardon and his Motion to Reopen with the Board of Immigration Appeals have been decided. *Id.*

Having carefully reviewed the entire record, I recommend that petitioner's motion for stay

REPORT AND RECOMMENDATION
PAGE -1

of removal be denied and that this action be dismissed.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner was born in Magadan, in the former Union of Soviet Socialist Republics ("USSR") (now Russia), in 1977, and moved to Belarus in 1980. (Dkt. #1 at 6, 15). On or about April 21, 1992, he was admitted to the United States at New York, New York, as a refugee. (Dkt. #1 at 52). On May 19, 1994, petitioner adjusted his status to Lawful Permanent Resident retroactive to his date of admission. *Id.* On September 25, 1997, petitioner was convicted of possession of legend drugs, and was sentenced to 90 days in prison with 88 days suspended. (Dkt. #1 at 54). On October 6, 1997, he was convicted in Chelan County Superior Court of Attempted Theft in the Second Degree, for which he was sentenced to 37 days confinement, and Possessing Stolen Property in the Second Degree, for which he was sentenced to 365 days confinement with 328 days suspended. (Dkt. #1 at 38-51).

On June 29, 1998, ICE issued a Notice to Appear, placing petitioner in removal proceedings, and charging petitioner with removability under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, for conviction of an aggravated felony. (Dkt. #1 at 55). On July 1, 1998, ICE issued Additional Charges of Removability, charging petitioner with removability under INA § 237(a)(2)(A)(ii), for conviction of two separate crimes involving moral turpitude, and under INA § 237(a)(2)(B)(i), for conviction of a controlled substance violation. (Dkt. #1 at 53-54).

After a removal hearing, the Immigration Judge ("IJ") denied petitioner's application for asylum and withholding of removal, and ordered him removed to Belarus on October 28, 1998. (Dkt. #1 at 58-69). Petitioner appealed the IJ's decision to the Board of Immigration Appeals

01 ("BIA"), who affirmed the IJ's decision and dismissed the appeal on April 4, 2003. (Dkt. #1 at

02 70). Petitioner appealed the BIA's decision to the Ninth Circuit Court of Appeals, who dismissed

03 the appeal for lack of jurisdiction on April 4, 2004. (Dkt. #1 at 71).

04     On May 25, 2007, petitioner filed the instant habeas petition and motion for a stay of

05 deportation. (Dkt. #1).

06     III. DISCUSSION

07     The standard of review for a stay of removal is set forth in *Abbassi v. INS*, 143 F.3d 513

08 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en

09 banc)(concluding that § 1252(f)(2) does not limit the power of federal courts to grant a stay of

10 removal). Under *Abbassi*, petitioner must show either: (1) the probability of success on the merits

11 plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the

12 balance of hardships tips sharply in petitioner's favor. *Abbassi*, 143 F.3d at 514. "'These

13 standards represent the outer extremes of a continuum, with the relative hardships to the parties

14 providing the critical element in determining at what point on the continuum a stay pending review

15 is justified.'" *Andreiu*, 253 F.3d at 483 (quoting *Abbassi*, 143 F.3d at 514). If the applicant shows

16 no chance of success on the merits, however, the injunction should not issue. *Arcamuzi v.*

17 *Continental Airlines*, Inc., 819 F.2d 935, 937 (9th Cir. 1987).

18     The Court finds that petitioner meets neither prong of the *Abbassi* test. Petitioner argues

19 that his "procedural due process rights will be violated if he is deported without being given the

20 opportunity to reopen his asylum case as well as the opportunity to obtain a Governor's pardon

21 for his theft convictions so he can obtain an expungement of the conviction for simple possession

22 of a legend drug." (Dkt. #1 at 2-3). Petitioner asks this Court to issue a writ of habeas corpus,

REPORT AND RECOMMENDATION
PAGE -3

"commanding respondent to stay the deportation of the petitioner and commanding respondent to appear before this Court, so that this Court may further inquire into the lawfulness of respondents' [sic] attempted removal and deportation of petitioner where petitioner is seeking to reopen his asylum case for new evidence and for such further relief to which petitioner may be entitled." (Dkt. #1 at 3). Petitioner neither explains nor provides any support for his assertion that his removal should be stayed. Moreover, petitioner has not demonstrated that this Court has jurisdiction under the REAL ID Act to stay his removal pending a collateral claim before another court. The REAL ID Act amended the Immigration and Nationality Act, eliminating federal habeas corpus jurisdiction over final orders of removal. *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Under Section 106 of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act]." 8 U.S.C. § 1252(a)(5). "A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act." *Mancho v. Chertoff*, 480 F. Supp. 2d 160, *2 (D.D.C. 2007) (citing *Formusoh v. Gonzales*, No. 3-07-CV-0128-K, 2007 WL 465305 (N.D. Tex. Feb. 12, 2007) (dismissing for lack of subject matter jurisdiction habeas petition of petitioner seeking stay of removal pending resolution of an I-130 petition and an I-485 adjustment of status petition); *Tale v. United States Dep't of Homeland Sec.*, 2006 U.S. Dist. LEXIS 47577, at *1 (S.D. Tex. July 13, 2006) (finding lack of jurisdiction to grant petitioner preliminary and permanent injunctions barring his deportation prior to the resolution of his claims pending before an immigration judge.)). Absent statutory or legal authority that creates an exception to the REAL ID Act, this Court lacks

REPORT AND RECOMMENDATION
PAGE -4

01 subject matter jurisdiction over petitioner's request for a stay of removal during the pendency of
02 his motion to reopen before the BIA, or his petition for clemency/pardon of his state convictions.
03 Accordingly, because the Court is without jurisdiction to grant petitioner's requested relief, he is
04 unable to show either a probability of success on the merits plus the possibility of irreparable harm
05 or that serious legal questions are raised and the balance of hardships tips in his favor.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that petitioner's motion for stay of removal, Dkt. #1, be denied, and that this action be dismissed for lack of jurisdiction. A proposed order accompanies this Report and Recommendation.

DATED this 30th day of May, 2007.

_____
Mary Alice Theiler
United States Magistrate Judge